# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARICE S. NALLS (#423240)**            **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**            **NO. 14-734-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARICE S. NALLS (#423240)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN** | **NO. 14-734-JWD-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (R. Docs. 1 and 13). The State has filed an opposition to the petitioner's application. *See* R. Docs. 10 and 11. There is no need for oral argument or for an evidentiary hearing.

On or about November 19, 2014, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2008 criminal conviction and sentence, entered in 2009, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery and one count of aggravated rape. The petitioner asserts that the evidence was insufficient to support the convictions, that he did not make a knowing and voluntary waiver of his right to a jury trial, that his constitutional right to a fair trial was denied when his attorney was "broadsided by the introduction of evidence which he had never been made aware of," that he was provided with ineffective assistance of counsel in several respects at trial, and that his attorney, after withdrawing from representation, failed to move to withdraw in the intermediate appellate court, lied to the petitioner about having notified the appellate court of

the withdrawal, and failed to provide the petitioner with timely notification when the appellate court issued its ruling in connection with the appeal.

## Procedural History

On October 1, 2008, the petitioner was found guilty of one count of armed robbery and one count of aggravated rape. On January 12, 2009, the petitioner was sentenced to 15 years imprisonment for his armed robbery conviction and to life for his aggravated rape conviction. The petitioner thereafter filed an appeal through counsel and by way of a *pro se* brief, and on October 23, 2009 his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal. *See State v. Nalls,* 09-072 (La. App. 1 Cir. 10/23/209), 2009 WL 3453003. Substantially more than thirty days thereafter, in July of 2011, the petitioner filed an application for supervisory writs with the Louisiana Supreme Court, which was denied on April 9, 2012. *See State v. Dixon,* 11-1489 (La. 4/9/12), 85 So.2d 137.

On or about October 18, 2011, while his writ application was pending, the petitioner filed an application for post-conviction relief ("PCR"), asserting numerous claims. The trial court denied the petitioner's PCR application on October 3, 2012. The Louisiana Supreme Court granted relief and vacated the petitioner's sentence and conviction for armed robbery on November 7, 2014. *See State ex rel. Nalls v. State*, 13-2806 (La. 11/7/14), 152 So.2d 164. On or about November 19, 2014, the petitioner filed the present application.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final

through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Court finds that the petitioner's conviction became final by operation of law on November 23, 2009, thirty (30) days after the October 23, 2009 decision of the Louisiana First Circuit Court of Appeal on direct appeal. Specifically, the conviction became final when the petitioner failed to timely file his application for supervisory review in the Louisiana Supreme Court

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo, supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. *See*

Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the pendency of the petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *Williams v. Cain*, *supra*. Thus, this Court is required to count against the time clock the period between November 23, 2009, the last day allowed to the petitioner to seek timely review in the Louisiana Supreme Court, and October 18, 2011, the date of filing of the petitioner's PCR application. This results in a finding that 694 days of un-tolled time elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts.

Accordingly, inasmuch as the petitioner's direct appeal proceedings were concluded on November 23, 2009, the one-year limitations period for filing a federal habeas corpus application

began to run on that date. Nearly 23 months (694 days) passed between the time the petitioner's conviction became final and the filing of the petitioners' PCR application in the state trial court. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* ––– U.S. –––– –, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. In this matter, the petitioner alleges that his counsel withdrew after filing an appeal. The plaintiff was notified of his counsel's withdrawal by way of correspondence dated June 16, 2009. *See Petitioner's Exhibit A.* The plaintiff alleges that he thereafter filed a supplemental *pro se* brief with the appellate court, with leave to do so from the court. Having received no further correspondence from the appellate court, the plaintiff forwarded correspondence to his former attorney on October 13, 2009. Therein the plaintiff acknowledges that his counsel is no longer representing him, but asks that the attorney forward a copy of the ruling from the appellate court

should he receive one. Similar letters were sent to the former attorney on February 11, 2010, July 27, 2010, and April 11, 2011. *See Petitioner's Exhibit C.* On April 25, 2011, the petitioner finally attempted for the first time to contact the appellate court regarding the status of his appeal (filed almost two years earlier) by way of a Motion for Official Status of Defendant's Case. *See Petitioner's Exhibit D.* The petitioner alleges that, on April 27, 2011, the petitioner's Motion was returned to him unfiled, along with a copy of the appellate court's ruling from October of 2009, and that he received these documents on April 29, 2011.[1] *See Plaintiff's Exhibit L.* The petitioner subsequently filed his writ application in July of 2011.

"Long delays in receiving notice of state court action may warrant equitable tolling." *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g*, 223 F.3d 797 (2000). In *Hardy*, this Fifth Circuit held that a *pro se* habeas petitioner "suffered a significant state-created delay when the TCCA failed in its legal duty to inform him that his petition had been denied" for eleven months after the TCCA's decision. 577 F.3d at 599. In that case, however, the habeas petitioner was unable to determine the status of his case solely because the TCCA [Texas Court of Criminal Appeals] failed to notify him and failed to respond to his requests for information. *Id.* at 599–600. In *Phillips,* the Court likewise concluded that the petitioner was entitled to equitable tolling when there was a four month delay in receipt of the appellate court's ruling since Phillips had pursued the process with diligence and alacrity.

The petitioner in the instant matter has demonstrated no such diligence and alacrity. Notice of the appellate court's ruling could have been easily obtained if the petitioner had contacted the appellate court. Instead, the petitioner repeatedly contacted his former attorney by

---

[1] The copy of the referenced correspondence provided by the petitioner is dated May 10, 2011. *See Petitioner's Exhibit K.*

way of correspondence, despite knowing that his attorney had withdrawn. Additionally, the petitioner waited increasingly lengthy periods between each letter sent to his former attorney. The petitioner did not attempt to contact the appellate court until April, 25, 2011. There is no evidence in the record that the petitioner could not have contacted the appellate court at an earlier date to learn the status of his appeal. There is also no evidence that the petitioner could not have obtained the assistance of another to make a similar inquiry at an earlier date.[2]

As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. The failure of the petitioner's *former* attorney to notify the petitioner as to the status of his case does not rise to the level an extraordinary circumstance that prevented the pro se petitioner from timely filing his habeas petition. *See O'Veal v. Davis*, 664 F. App'x. 355 (5th Cir. 2016). Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable

---

[2] The petitioner alleges that his mother contacted the petitioner's former attorney multiple times in 2010 and 2011 to inquire as to the status of the petitioner's appeal. Finally, sometime in 2011, the petitioner asked his mother to call the appellate court and upon calling, she was informed that the petitioner's appeal had been denied.

whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**