# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARICE S. NALLS (#423240)**                                                **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                                           **NO. 14-734-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 7, 2020.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARICE S. NALLS (#423240)                                CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                     NO. 14-734-JWD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's *Motion to Stay and Hold in Abeyance* (R. Doc. 34). The state has not filed an opposition.

### Procedural History

Conviction and Direct Appeal

On October 1, 2008, the petitioner was found guilty of one count of armed robbery and one count of aggravated rape in the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana. On January 12, 2009, the petitioner was sentenced to 15 years imprisonment for his armed robbery conviction and to life imprisonment for his aggravated rape conviction. The petitioner filed a direct appeal with the Louisiana First Circuit Court of Appeal ("First Circuit"), which affirmed his convictions and sentences. *State v. Nalls,* 09-072 (La. App. 1 Cir. 10/23/209), 2009 WL 3453003. The First Circuit mailed the opinion to the petitioner's counsel, who was the agent for service under La. Ct. App. Unif. R. 2-17.1, because the petitioner's counsel had never formally withdrawn. The petitioner wrote four letters to his counsel requesting a status update on his case, but his counsel never wrote back (R. Doc. 1-5, p. 13-16).

On April 25, 2011, the petitioner directly contacted the First Circuit regarding the status of his appeal (R. Doc. 1-5, p. 17-20). On April 27, 2011, the petitioner's Motion was returned to

2

him unfiled, along with a copy of the appellate court's ruling from October of 2009. (R. Doc. 1-5, p. 24). The petitioner subsequently filed an application for a supervisory writ with the Louisiana Supreme Court in July of 2011, which was denied on April 9, 2012. *State ex rel. Nalls v. State,* 11-1489 (La. 4/9/12), 85 So.2d 137.

Post-Conviction Proceedings

On or about October 11, 2011, while his writ application was pending, the petitioner filed an application for post-conviction relief ("PCR"), asserting five claims. The trial court issued an order on October 3, 2012 dismissing the petitioner's claims 1-4 and ordering the state to brief the merits of the petitioner's claim 5, which was ineffective assistance of counsel due to counsel's failure to quash the armed robbery charge. In his PCR application, the petitioner labeled claim 5: "Trial Counsel Rendered Ineffective Assistance by Failing to Argue that the Statute of Limitations on the Institution of Prosecution had Expired. Appellate Counsel Failed to Argue the Issue on Appeal." Before the Commissioner issued her *Recommendation* on claim 5, retained counsel enrolled on behalf of the petitioner. The state court record contains no additional briefs after counsel enrolled. However, it appears that the state court record is incomplete, and the petitioner expanded his argument on claim 5 at some point during the post-conviction proceedings. When the Commissioner issued her *Recommendation* on January 31, 2013, the disposition of claim 5 includes discussion of an argument that was not included in the petitioner's original PCR, ineffective assistance of counsel for failing to object to the use of evidence of the armed robbery at trial:

> However, the Petitioner does not seek to raise the issue of prescription in his instant application for post-conviction relief, nor does he suggest that he was prejudiced because he was sentenced to a concurrent 15-year sentence on the armed robbery charge. Rather,

3

> he claims, that counsel's failure to challenge the armed robbery charge allowed the jury to consider evidence of the armed robbery charge in connection with the aggravated rape charge.
>
> His allegations, however, are insufficient to establish deficient performance and prejudice. As indicated in the decision rendered on the Petitioner's direct appeal, the evidence supported the Petitioner's conviction for aggravated rape.
>
> "In finding the defendant guilty of aggravated rape, the trial court accepted that the defendant's DNA found on M.C.'s vaginal swab established that they had engaged in sexual intercourse. The trial court also found M.C.'s testimony that she had not consented to sexual intercourse, but had been raped at gunpoint, to be more credible than defendant's testimony that the two had engaged in consensual sexual relations at a location near M.C.'s apartment."
>
> Despite that the Petitioner complains that counsel's alleged failure allowed the **jury** to consider inadmissible evidence, the Petitioner waived his right to a jury and elected to be tried by the judge. There is nothing to indicate any error in admitting evidence pertaining to the armed robbery influenced the verdict on the aggravated rape charge. Therefore, even allowing for the possibility that counsel's performance was somehow deficient for failing to challenge the armed robbery charge, the Petitioner fails to show how he may have been prejudiced as a result of the alleged deficiency.

The trial court signed an order dismissing claim 5 on March 15, 2013. On appeal, the Louisiana Supreme Court granted relief in part, finding that petitioner's counsel was ineffective for failing to file a motion to quash the prescribed armed robbery charge and vacated the petitioner's sentence and conviction for armed robbery on November 7, 2014. *State ex rel. Nalls v. State*, 13-2806 (La. 11/7/14), 152 So.2d 164.

Federal Court Proceedings

On November 20, 2014, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (R. Doc. 1). The petition asserts 11 claims. On March 24, 2015, the petitioner filed a pleading entitled, *Supplement to Habeas Corpus Ineffective Assistance of*

4

*Counsel Claim* (R. Doc. 13). The supplement added a claim that was not raised in the original petition; the same claim addressed by the Commissioner in connection with claim 5 of the petitioner's PCR, ineffective assistance of counsel for failing to object to the use of evidence of the armed robbery at trial:

> Also, Petitioner's conviction for aggravated rape should be reversed due to the jury's exposure to two serious offenses. There is no mistake in regards to the damage done, by presenting evidence of an armed robbery and an aggravated rape to the jury. The weapon involved is the essential element that constitutes both offenses. In the state of Louisiana the only way to get convicted of aggravated rape and armed robbery, the trier of fact must find that both offenses involved a dangerous weapon.
>
> Therefore, when the trial court allowed the petitioner to be jointly tried on both aggravated rape and armed robbery, it was nearly impossible to separate the use of a dangerous weapon in one case from the other case. U.S. v. Morrow, 177 F.3d 272 (5th 1999).

(R. Doc. 13, p. 4).

On November 7, 2017, a Report and Recommendations was issued, recommending that the petitioner's application be dismissed as untimely (R. Doc. 15). On December 6, 2017 the Court adopted the Report and Recommendations and dismissed the petitioner's application (R. Doc. 18). The United States Court of Appeals, Fifth Circuit ("Fifth Circuit") granted petitioner a certificate of appealability on the issue of whether equitable tolling was warranted. (R. Doc. 27). On January 8, 2020, the Fifth Circuit issued an opinion finding that the circumstances that prevented petitioner from timely filing his writ application with the Louisiana Supreme Court on direct appeal warranted equitable tolling, reversed the dismissal of the petitioner's application, and remanded to this Court for further proceedings. *Nalls v. Vannoy*, 797 Fed. Appx. 848 (5th Cir. 2020).

On February 28, 2020, the petitioner filed the instant *Motion to Stay and Hold in Abeyance* (R. Doc. 34).  The petitioner requests that the Court stay the pending federal habeas proceedings because he has filed a second application for post-conviction relief at the Nineteenth Judicial District Court asserting "new claims arising from the Louisiana Supreme Court's ruling to vacate the armed robbery charge."  The petitioner does not attach the mentioned second application for post-conviction relief to his motion, but states that the second application is based on the following claim:

> Specifically, Mr. Nalls was prejudiced at his trial by his attorney's ineffective assistance of counsel, as determined by the Louisiana Supreme Court, who failed to file a motion to quash the prescribed armed robbery charge. This allowed the prescribed armed robbery charge to be used as evidence against him at trial on the aggravated rape charge. This is improper evidence introduced that is so unduly prejudicial that it renders the trial fundamentally unfair.
>
> The trial court's erroneous admission of the prescribed offense allegedly committed by him – the vacated armed robbery charge – deprived him of due process and a fair trial due to the highly prejudicial nature of the prescribed charge evidence being used at trial. The erroneous admission of this evidence had a substantial and injurious effect or influence on the verdict at trial.

(R. Doc. 34, p. 3).

**Legal Standard**

One of the threshold requirements for a federal habeas corpus application under § 2254 is that, subject to certain exceptions, a petitioner must have first exhausted in state court all of his claims before presenting them for review before the federal district court.  28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State.)   The Supreme Court has interpreted

6

§ 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim—the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Notwithstanding the foregoing, in *Rhines v. Weber*, 544 U.S. 269, (2005), the Supreme Court created an exception to *Lundy* under certain circumstances for "mixed" petitions, *i.e.*, for those petitions presenting both exhausted and unexhausted claims. In *Rhines*, the Supreme Court held that, when appropriate, a district court has discretion to stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* Here, the petitioner is asking the Court to stay his habeas petition pursuant to *Rhines* so that he may exhaust an unexhausted claim. However, the claim the petitioner seeks to now go back and exhaust with a second PCR application was exhausted during the petitioner's original PCR proceedings.

The longstanding exhaustion requirement is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights. *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir.2003). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir.1999). Such presentment can take place via direct appeal or state habeas proceedings. *Orman v. Cain,* 228 F.3d 616, 620 (5th Cir.2000).

The state courts had the original opportunity to consider whether the petitioner was denied effective assistance of counsel due to his counsel failure to object to the use of the armed robbery evidence at trial. The merits of this claim were addressed in a considered opinion issued

7

by the Commissioner at the Nineteenth Judicial District Court, which was adopted by the district judge. The petitioner subsequently appealed the dismissal of his PCR application to the state's highest court, the Louisiana Supreme Court. Indeed, the petitioner received partial relief when the Louisiana Supreme Court vacated his armed robbery conviction upon review of his post-conviction claims. *See State ex rel. Nalls v. State*, 13-2806 (La. 11/7/14), 152 So.2d 164.

Because the trial court addressed the petitioner's claim for ineffective assistance of counsel for failing to object to the use of armed robbery evidence at trial during the petitioner's post-conviction proceedings and because the petitioner appealed his post-conviction proceedings to the state's highest court, the claim is exhausted. A stay order is unnecessary for the Court to reach the merits of this claim.[1]

## **RECOMMENDATION**

It is recommended that the petitioner's *Motion for Stay and Abeyance* (R. Doc. 34) be denied as moot.

Signed in Baton Rouge, Louisiana, on July 7, 2020.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] The merits of the claim are addressed in a separately issued Report and Recommendation.